# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 10, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JIMMY D. CONLEY,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0100** (BOR Appeal No. 2047371)
(Claim No. 2012007527)

**GAYLOCK WRECKER SERVICE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jimmy D. Conley, by Anne L. Wandling, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Gaylock Wrecker Service, Inc., by Alyssa A. Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 10, 2013, in which the Board reversed a June 19, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's September 20, 2011, decision rejecting the claim. The Office of Judges held the claim compensable for a cervical and a lumbar strain. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Conley worked for Gaylock Wrecker Service, Inc. On August 11, 2011, Mr. Conley was loading tires into a truck. Throughout the day, he experienced a gradual onset of pain in his lower back and neck. The next day, he was loading mattresses and desks into a truck when he again experienced a gradual onset of pain in his low back and neck. Mr. Conley finished work that day. Four days later, Mr. Conley returned to work, but he was told that his services were no longer needed. Mr. Conley did not report an injury at this time, but after several days he sought treatment at Williamson Memorial Hospital for his low back and neck pain. X-rays of his

1

cervical and lumbar spine provided no evidence of a recent bone injury but did show some minimal degenerative changes. The treatment records also indicated that there was no evidence of soft tissue abnormalities. On September 20, 2011, the claims administrator rejected the claim. Mr. Conley then testified by deposition, but he was unable to attribute his symptoms to a definite injury. On June 19, 2012, the Office of Judges reversed the claims administrator's decision and held the claim compensable for a cervical and a lumbar strain. The Board of Review then reversed the Order of the Office of Judges and reinstated the claims administrator's decision on January 10, 2013, leading Mr. Conley to appeal.

The Office of Judges concluded that on or about August 12, 2011, Mr. Conley suffered a compensable injury to his cervical and lumbar spine. The Office of Judges largely relied on Mr. Conley's account of the injury, even though it found that there were some inconsistencies in his account of the injury and his prior medical history.

The Board of Review concluded that Mr. Conley did not meet his burden of proof in establishing that he suffered an injury in the course of and resulting from his employment. It reinstated the claims administrator's decision. The Board of Review noted that Mr. Conley had a history of prior back and neck problems. It found that Mr. Conley had alternated between attributing his injury to lifting tires on August 11, 2011, and lifting mattresses on August 12, 2011. The Board of Review also pointed out that Mr. Conley delayed seeking medical treatment until several days after the injury.

We agree with the conclusion and findings of the Board of Review. Mr. Conley has not demonstrated that he suffered a personal injury in the course of and resulting from his employment. The medical evidence in the record, especially the initial treatment records from Williamson Memorial Hospital, provides no evidence of an acute bone or soft tissue injury. These initial treatment records, instead, indicate that Mr. Conley's pain is related to minimal pre-existing degenerative changes in his lower back and neck. Mr. Conley's account of his injury is not sufficient to support holding the claim compensable in light of the medical records in the case.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum